William C. Acevedo (Bar No. 194106)
Miguel Saldaña (Bar No. 299960)
**WENDEL ROSEN LLP**
1111 Broadway, 24th Floor
Oakland, California 94607-4036
Telephone: (510) 834-6600
Fax: (510) 834-1928
Email: wacevedo@wendel.com
Email: msaldana@wendel.com

Attorneys for Plaintiff
MOM ENTERPRISES, INC.
d/b/a MOMMY'S BLISS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| MOM ENTERPRISES, INC. d/b/a MOMMY'S BLISS,<br><br>           Plaintiff,<br><br>    vs.<br><br>RONEY INNOVATIONS, LLC, AND DOES 1-10,<br><br>           Defendants. | Case No. 3:20-cv-04850-TSH<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ALTERNATIVE SERVICE, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:     October 8, 2020<br>Time:    10:00 a.m.<br>Crtrm.:   G<br><br>The Hon. Thomas S. Hixson |

# NOTICE OF MOTION AND MOTION FOR ALTERNATIVE SERVICE

**TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 8, 2020 at 10:00 a.m., or as soon thereafter as the matter may be heard, in the above-entitled court, located at San Francisco Courthouse, Courtroom G – 15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff MOM Enterprises, Inc. d/b/a Mommy's Bliss will, and hereby does, move the Court for permission to serve Defendant Roney Innovations, LLC by alternative service through mail and email.

This Motion is made pursuant to Rule 4(h)(1)(A) and 4(e)(2), which permits service pursuant to the rules for service of the state where the service is made or the Court is located. In this case, service will be made in Iowa, and Iowa law allows the Court to grant alternative service on the Defendant if regular service cannot be made with reasonable diligence. *See* Iowa Court Rule 1.305(14).

This Motion is based on this Notice of Motion and Motion for Alternative Service, the Memorandum of Points and Authorities attached hereto, as well as on the pleadings and papers on file herein, and on such oral and documentary evidence and argument as may be presented at or prior to the hearing.

DATED: September 1, 2020          WENDEL ROSEN LLP


By: _____*/s/ William C. Acevedo*_____
William C. Acevedo
Attorneys for Plaintiff
MOM ENTERPRISES, INC.
d/b/a MOMMY'S BLISS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff MOM Enterprises, Inc. d/b/a Mommy's Bliss ("Mommy's Bliss") sued Defendant Roney Innovations, LLC ("Roney Innovations"), an Iowa LLC, in this Court for trademark infringement based on Roney Innovations's sale of infringing products under Mommy's Bliss's Trademarks online.  Mommy's Bliss has attempted to serve Roney Innovations through personal service at three separate addresses: (1) its business address as disclosed on its website; (2) its owner's personal home address; and (3) its business address as registered with the Iowa Secretary of State.  However, as detailed in the affidavits of Mommy's Bliss's process server (which have been filed with the Court at ECF 11, 12, and 13) personal service at all three of these addresses failed.  Accordingly, the Court should permit Mommy's Bliss to serve Roney Innovations through the alternative methods of email and common carrier (e.g. FedEx) with tracking.

## II.   ARGUMENT

Under Federal Rule of Civil Procedure 4(e)(1), service in a federal district court action such as this one can be made "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Both individuals and LLCs can be served in this manner.  See Fed. R. Civ. P. 4(h)(1)(A) ("unincorporated association that is subject to suit under a common name" can be served "in the manner prescribed by Rule 4(e)(1) for serving an individual").

In this case, service is made in Iowa so Iowa law applies.  California law also allows service to be made "as prescribed by the law of the place where the person is served."  Cal. Code Civ. P. § 413.10.  Under Iowa law, an "association suable under a common name" such as Roney Innovations may be served "by serving any present or acting or last known officer thereof, or any general or managing agent, or any agent or person now authorized by appointment or by law to receive service of original notice."  Iowa. R. Civ. P. § 1.305(6).  However, if "service cannot be made by any of these methods . . . any defendant may be served as provided by court order, consistent with due process of law."  *Id.* § 1.305(14).

In this case, Mommy's Bliss has attempted to, but was unable to, serve Roney Innovations's only known officer or agent, Mr. Stephen Roney. According to Roney Innovations's filing with the Iowa Secretary of State (attached hereto as Exhibit A), Mr. Roney is Roney Innovation's registered agent for service of process and only listed officer. As shown in the process server's affidavits filed at ECF 11, 12, and 13, Mommy's Bliss attempted to serve Roney Innovations or Mr. Roney six times at three different addresses, but all attempts failed.

First, Mommy's Bliss's process server attempted to serve Roney Innovations at 3100 Gateway Drive Suite 300, Grimes, IA 50111. ECF 12. This address is the address published on Roney Innovations's website, https://www.roneyinnovations.com/. However, the server was informed that the defendant was no longer located at that address.

Second, Mommy's Bliss's process server made four attempts to serve Mr. Roney at his home address at 1127 Silverado Drive, Norwalk, IA 50021 ("Norwalk Address"): on August 4, August 8, August 12, and August 15. ECF 11. The process server received no answer on August 4, 8, or 15, but on August 12, Mr. Roney's wife answered the process server and informed the process server that she was not involved in the business.

Finally, Mommy's Bliss's process server made numerous attempts between August 1 and August 21 to serve Roney Innovations at its alternative business address at 6107 Willowmere Drive, Des Moines, IA 50321 ("Des Moines Address"). ECF 13. This address is the one that Roney Innovations registered with the Iowa Secretary of State. See Ex. A. But each time, the building was locked and the process server was unable to gain access.

Mommy's Bliss has thus attempted to serve Roney Innovations and Mr. Roney six times through all three known addresses. Mommy's Bliss has no additional addresses at which Roney Innovations and Mr. Roney can be served. Because Mommy's Bliss is thus unable to serve Roney Innovations through the usual methods, Mommy's Bliss proposes alternative service on Roney Innovations through three alternative methods—(1) mail to the Norwalk Address, which has been confirmed both through public records to be Mr. Roney's correct home address and because the process server made contact with Mr. Roney's wife there; (2) mail to the Des Moines Address, which is the address that Roney Innovations registered with the Iowa Secretary of State; and (3)

email to the email address stephen@roneyinnovations.com, which is the business contact email published on Roney Innovations's website, https://www.roneyinnovations.com/.

Service is proper and satisfies due process if "reasonably calculated to give actual notice." *Rep. Int'l Corp. v. Amco Eng'rs, Inc.*, 516 F.2d 161, 166 (9th Cir. 1975). Each of these three proposed methods individually complies with due process of law because they are all reasonably calculated to give Roney Innovations actual notice of this lawsuit. Combined, they are the best way to give Roney notice of this lawsuit and should therefore be allowed as alternative service. *See Bittitan, Inc. v. Matrix Elements, Ltd.*, 2017 U.S. Dist. LEXIS 73051, at *6-7 (allowing alternative service by mail and email—"Since either method alone would adequately appraise Matrix of the pendency of the action and afford Matrix its right to present its objections, the court finds that the use of both methods together assures Matrix's right to due process.").

*First*, mail to the Norwalk Address is reasonably calculated to give Roney Innovations notice because it is Mr. Roney's residence and the process server was able to make contact with Mr. Roney's wife at this address. Thus, the Norwalk address is Mr. Roney's last known address and a proper address for alternative service. *See Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) ("trial courts have authorized a wide variety of alternative methods of service including . . . ordinary mail, mail to the defendant's last known address").

*Second*, mail to the Des Moines Address is reasonably calculated to give actual notice because Roney Innovations registered it as its business address with the Iowa Secretary of State. When a business makes representations about its public address to the Secretary of State, others may rely on those representations as the business's true address. See *UNITE Nat'l Ret. Fund v. Ariela, Inc.*, 643 F. Supp. 2d 326, 328 (S.D.N.Y. 2008) ("As Defendant made representations with the Secretary of State that 545 Eighth Avenue was his address and 'induced reliance on those representations, he is estopped from denying the propriety of that address for the purpose of service of process.'").

*Finally*, email is reasonably calculated to give Roney Innovations actual notice of this lawsuit. In this case, Roney Innovations operates a website in its own name, https://www.roneyinnovations.com/. This website contains a large central button labeled "Reach

1  Out," and a visitor who clicks on it is directed to send an email to stephen@roneyinnovations.com.
2  Thus, Roney Innovations has held out the email stephen@roneyinnovations.com as its real email
3  address and invited members of the public to send it messages to that address.  Because Roney
4  Innovations publicly uses that email address to do business and because this case is about Roney
5  Innovations's sale of infringing products online, it is also appropriate to serve Roney Innovations
6  at that email address.  Numerous courts have recognized that alternative service via electronic
7  messaging is appropriate when the defendant "has embraced the modern e-business model and
8  profited immensely from it." *Rio Props.*, 284 F.3d at 1017; *see, e.g., Elsevier, Inc. v. Siew Yee
9  Chew*, 287 F. Supp. 3d 374, 379-80 (S.D.N.Y. 2018) ("Service through email is particularly
10  appropriate here because . . . defendants engage in online business and regularly communicate
11  with customers through functional email addresses"); *Farm Bureau Gen. Ins. Co. v. Smart
12  Balance Wheels*, 2017 U.S. Dist. LEXIS 190391, at *7 (E.D. Mich. Nov. 17, 2017) (allowing
13  alternative service by email after finding that defendants "do business on the internet and through
14  email, including making their products available for purchase online, and that they do not identify
15  the names and addresses of their corporate headquarters or their resident agents on their
16  websites"); *Bittitan*, 2017 U.S. Dist. LEXIS 73051, at *6 ("because the suit involves property
17  registered using an email address, service by email is reasonably calculated to provide actual
18  notice"); *Alzaabi v. Jackson*, 2018 N.Y.L.J. LEXIS 3699, at *4 (N.Y. Sup. Ct. Oct. 29, 2018)
19  (allowing service through electronic messaging service Whatsapp on defendant accused of selling
20  counterfeit watches on Whatsapp); see also, e.g., *The Pet Health People, LLC v. Misovski*, Case
21  No. 19-cv-02644, ECF 14 (N.D. Ill. May 21, 2019) (allowing electronic service through Amazon);
22  *Otter Prods., LLC v. Mobile Rush Inc.*, Case No. 1:19-cv-00512, ECF 13 (D. Colo. Apr. 16, 2019)
23  (same); *Pure Encapsulations LLC v. Wind & Sky, Inc.*, No. 19-cv-10127, ECF 9 (D. Mass. Mar.
24  19, 2019) (same).

25  **III.    CONCLUSION**

26  For reasons stated herein, the Court should grant Mommy's Bliss's Motion for Alternative
27  Service and enter the attached proposed order, permitting Mommy's Bliss to serve Defendant
28  Roney Innovations, LLC through all of the following methods: (1) by common carrier (e.g.

1   FedEx) with tracking to Stephen Roney, 1126 Silverado Drive, Norwalk, IA 50021; (2) by

2   common carrier (e.g. FedEx) with tracking to Roney Innovations, LLC, 6107 Willowmere Drive,

3   Des Moines, IA 50321; and (3) by email to stephen@roneyinnovations.com.

4   DATED:  September 1, 2020                WENDEL ROSEN LLP

By:      */s/ William C. Acevedo*
         William C. Acevedo
         Attorneys for Plaintiff
         MOM ENTERPRISES, INC.
          d/b/a MOMMY'S BLISS

# **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was electronically filed with the Court on September 1, 2020. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

DATED: September 1, 2020              WENDEL ROSEN LLP

By:     */s/ William C. Acevedo*
        William C. Acevedo
        Attorneys for Plaintiff
        MOM ENTERPRISES, INC.
         d/b/a MOMMY'S BLISS