UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MOM ENTERPRISES, INC. D/B/A MOMMY'S BLISS,

   Plaintiff,

   v.

RONEY INNOVATIONS, LLC,

   Defendant.

Case No. 20-cv-04850-TSH

**ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE**

Re: Dkt. No. 14

## I.   INTRODUCTION

Plaintiff MOM Enterprises, Inc. d/b/a Mommy's Bliss seeks an order pursuant to Federal Rule of Civil Procedure 4(h)(1)(A) authorizing substituted service of process by mail and email on Defendant Roney Innovations, LLC. ECF No. 14. No opposition has been filed. The Court finds this matter suitable for disposition without oral argument and **VACATES** the October 8, 2020 hearing. *See* Civ. L.R. 7-1(b). Having considered Mommy's Bliss's arguments and the relevant legal authority, the Court **GRANTS** its motion for the following reasons.

## II.   BACKGROUND

Mommy's Bliss brings this suit against Roney Innovations, an Iowa LLC with its principal place of business at 3100 SE Gateway Drive, Suite 300, Grimes, Iowa 50111, for trademark infringement based on Roney's sale of infringing products online. Compl., ECF No. 1. Mommy's Bliss has attempted to serve Roney through personal service at three separate addresses: (1) its business address as disclosed on its website; (2) its owner's personal home address; and (3) its business address as registered with the Iowa Secretary of State. ECF Nos. 11-13 (proofs of attempted service); Mot., Ex. A (Iowa Secretary of State's Business Entity Summary for Roney Innovations, Inc.), ECF No. 15. However, personal service at all three of these addresses has

failed. *Id.* Accordingly, Mommy's Bliss requests the Court permit it to serve Roney in Iowa through the alternative methods of email and common carrier (e.g. FedEx) with tracking. Mot. at 1.

### III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 4(h)(1)(A), a domestic corporation may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." Rule 4(e)(1) provides that service can be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," which in this case is California or Iowa. California law also allows service to be made "as prescribed by the law of the place where the person is served." Cal. Code Civ. P. § 413.10.

Mommy's Bliss seeks to serve Roney through Iowa law, which provides that a corporation may be served "by serving any present or acting or last known officer thereof, or any general or managing agent, or any agent or person now authorized by appointment or by law to receive service of original notice." Iowa. R. Civ. P. § 1.305(6). However, if "service cannot be made by any of these methods . . . any defendant may be served as provided by court order, consistent with due process of law." *Id.* § 1.305(14). Due process requires that "the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

### IV.   DISCUSSION

Mommy's Bliss has attempted to complete service under Iowa Rule 1.305(6). It attempted service on Roney's only known officer or agent, Stephen Roney. According to Roney Innovations' filing with the Iowa Secretary of State, Mr. Roney is its registered agent for service of process and only listed officer. Mot., Ex. A. As shown in the process server's affidavits filed at ECF 11, 12, and 13, Mommy's Bliss attempted to serve Roney Innovations or Mr. Roney six times at three different addresses, but all attempts have failed.

The process server first attempted to serve Roney Innovations at 3100 Gateway Drive

1    Suite 300, Grimes, IA 50111.  ECF No. 12.  This address is the address published on Roney
2    Innovations' website, https://www.roneyinnovations.com/.  However, the process server was
3    informed that the defendant was no longer located at that address.  *Id.*  The process server made
4    four attempts to serve Mr. Roney at his home address at 1127 Silverado Drive, Norwalk, IA
5    50021: on August 4, August 8, August 12, and August 15.  ECF No. 11.  The process server
6    received no answer on August 4, 8, or 15, but on August 12, Mr. Roney's wife answered the
7    process server and informed him that she was not involved in the business.  *Id.*  The process server
8    made numerous attempts between August 1 and August 21 to serve Roney at its alternative
9    business address at 6107 Willowmere Drive, Des Moines, IA 50321.  ECF No. 13.  This address is
10   the one that Roney Innovations registered with the Iowa Secretary of State.  Mot., Ex. A.  Each
11   time, the building was locked and the process server was unable to gain access.  ECF No. 13.
12        Mommy's Bliss states it has no additional addresses at which Roney Innovations and Mr.
13   Roney can be served.  Mot. at 4.  It proposes alternative service through three alternative methods:
14   (1) mail to the Norwalk Address, which it has confirmed both through public records to be Mr.
15   Roney's correct home address and because the process server made contact with Mr. Roney's wife
16   there; (2) mail to the Des Moines address, which is the address that Roney Innovations registered
17   with the Iowa Secretary of State; and (3) email to the email address
18   stephen@roneyinnovations.com, which is the business contact email published on Roney
19   Innovations' website, https://www.roneyinnovations.com/.
20        The Court finds these three methods combined comply with due process of law because
21   they are all reasonably calculated to give Roney Innovations actual notice of this lawsuit.  Mail to
22   the Norwalk address is reasonably calculated to give Roney Innovations notice because it is Mr.
23   Roney's residence and the process server was able to make contact with his wife at this address.
24   Thus, the Norwalk address is Mr. Roney's last known address and a proper address for alternative
25   service.  *See Rio Props.*, 284 F.3d at 1016 ("[T]rial courts have authorized a wide variety of
26   alternative methods of service including . . . ordinary mail [and] mail to the defendant's last
27   known address.").  Mail to the Des Moines address is reasonably calculated to give actual notice
28   because Roney Innovations registered it as its business address with the Iowa Secretary of State.

3

When a business makes representations about its public address to the Secretary of State, others may rely on those representations as the business's true address. *See UNITE Nat'l Ret. Fund v. Ariela, Inc.*, 643 F. Supp. 2d 326, 328 (S.D.N.Y. 2008) ("As Defendant made representations with the Secretary of State that 545 Eighth Avenue was his address and 'induced reliance on those representations, he is estopped from denying the propriety of that address for the purpose of service of process.'") (quoting *Sartor v. Utica Taxi Ctr., Inc.*, 260 F. Supp. 2d 670, 678 (S.D.N.Y. 2003)).

Email is also reasonably calculated to give Roney Innovations actual notice of this lawsuit. Mommy's Bliss alleges Roney Innovations operates a website in its own name, https://www.roneyinnovations.com/.[1] This website contains a large central button labeled "Reach Out," and a visitor who clicks on it is directed to send an email to stephen@roneyinnovations.com. Thus, Roney Innovations has held out the email stephen@roneyinnovations.com as its real email address and invited members of the public to send it messages to that address. Because Roney Innovations publicly uses that email address to do business and because this case is about Roney Innovations' sale of infringing products online, it is also appropriate to serve Roney Innovations at that email address. Numerous courts have recognized that alternative service via electronic messaging is appropriate when the defendant "has embraced the modern e-business model and profited immensely from it." *Rio Props.*, 284 F.3d at 1017; *see, e.g., Facebook, Inc. v. Banana Ads, LLC*, 2012 WL 1038752, at *2 (N.D. Cal. Mar. 27, 2012) (finding service by email to be reasonably calculated to provide actual notice in a cybersquatting case); *Williams-Sonoma Inc. v. Friendfinder Inc.*, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007) (permitting service by email in trademark infringement case); *Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp. 3d 374, 379-80 (S.D.N.Y. 2018) ("Service through email is particularly appropriate here because . . . defendants engage in online business and regularly communicate with customers through functional email addresses"); *Farm Bureau Gen. Ins. Co. v. Smart Balance Wheels*, 2017 U.S. Dist. LEXIS 190391, at *7 (E.D. Mich. Nov. 17, 2017) (allowing alternative service by email after finding that

---

[1] Last visited September 17, 2020.

defendants "do business on the internet and through email, including making their products available for purchase online, and that they do not identify the names and addresses of their corporate headquarters or their resident agents on their websites).

In sum, since either method alone would adequately appraise Roney Innovations of the pendency of this action and afford Roney its right to present its objections, the Court finds that the use of both methods together assures Roney Innovations' right to due process. *See Bittitan, Inc. v. Matrix Elements, Ltd.*, 2017 U.S. Dist. LEXIS 73051, at *6-7 (W.D. Wash. May 11, 2017) (service by mail and email combined assures right to due process).

## V. CONCLUSION

Based on the analysis above, the Court in its discretion **GRANTS** Mommy Bliss's motion for alternative service. Mommy's Bliss is authorized to serve Defendant Roney Innovations, LLC through all of the following methods: (1) by common carrier (*e.g.* FedEx) with tracking to Stephen Roney, 1126 Silverado Drive, Norwalk, IA 50021; (2) by common carrier (*e.g.* FedEx) with tracking to Roney Innovations, LLC, 6107 Willowmere Drive, Des Moines, IA 50321; and (3) by email to stephen@roneyinnovations.com, return receipt requested. Any return of service must include proof that Mommy's Bliss has attempted, at a minimum, to verify actual receipt of the email message.

To allow time for service and Roney Innovations' response, the Case Management Conference is **CONTINUED** to November 19, 2020 at 10:00 a.m. All related deadlines are adjusted accordingly.

**IT IS SO ORDERED.**

Dated: September 17, 2020

THOMAS S. HIXSON
United States Magistrate Judge